IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
_____

| | |
|---|---|
| RICARDO A. RODRIGUEZ, ) | **MEMORANDUM DECISION &** |
| ) | **DISMISSAL ORDER** |
| Petitioner, ) | |
| ) | Case No. 2:12-CV-489 DB |
| v. ) | |
| ) | District Judge Dee Benson |
| ALFRED C. BIGELOW, ) | |
| ) | |
| Respondent. ) | |

_____

 Petitioner, Ricardo A. Rodriguez, petitions for habeas corpus relief.[1]  Respondent moves to dismiss the petition as untimely.  The Court grants the motion to dismiss.

 Because Petitioner's conviction became final before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner had to file his federal habeas petition within one year of April 24, 1996, adding any time tolled by statute or equitable grounds.[2]  By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[3]

---

 [1]*See* 28 U.S.C.S. § 2254 (2012).

 [2]*See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000).

 [3]28 *id.* § 2244(d)(2).

Meanwhile, equitable tolling is available "'in rare and exceptional circumstances.'"[4]  Those circumstances include situations "when a prisoner is actually innocent" or "when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period."[5]

The chronology of Petitioner's litigation shows the untimeliness of his petition.  On April 24, 1996, the clock began running on Petitioner's right to bring a federal habeas petition.  Because he filed no direct appeals or state post-conviction applications within the next year, Petitioner's time to file in federal court ran out on April 24, 1997.  Petitioner later filed motions for post-conviction-relief.  However, these motions, which were denied, were not filed in time to toll the federal period of limitation.  After all, "a state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'"[6]  So, statutory tolling does not apply here.

---

[4]*Gibson*, 232 F.3d at 808 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[5]*Id.*

[6]*Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Though Petitioner's habeas deadline in this Court was April 24, 1997, he did not file his petition until more than fifteen years later, on May 17, 2012.  Nonetheless, Petitioner possibly asserts grounds for equitable tolling.  He possibly states that he was not aware of his rights and did not have legal resources he needed to pursue his claims.

Petitioner's possible argument that he had inadequate library facilities (including no access to a federal habeas statute) and a lack of legal training do not support equitable tolling either.[7]  After all, "[i]t is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."[8]  Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[9]  It follows that Petitioner's possible contentions regarding lack of a law library, access to a statute, and legal training thwarted his habeas filings does not toll the period of limitation.

During the running of the federal period of limitation and beyond, Petitioner took no steps himself to "*diligently* pursue

---

[7] *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005).

[8] *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[9] *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

his federal claims."[10] His response shows no signs of this kind of self-directed tenacity. In fact, all Petitioner's excuses are undercut by the fact that he allowed more than fifteen full years to pass before filing for federal habeas relief. In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition.

Accordingly, the current petition before the Court was filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to save Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that Respondent's motion to dismiss this petition is GRANTED.[11] This case is CLOSED.

DATED this 17th day of January, 2013.

BY THE COURT:

_____
DEE BENSON
United States District Judge

---

[10] *Miller*, 141 F.3d at 978 (emphasis added).

[11] (*See* Docket Entry # 6.)